**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC J. CHETLIN,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
DA-0752-14-0332-I-1

DATE: December 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Exkano Phillipson, and Larry Guerrero, Houston, Texas, for the appellant.

Eric B. Fryda, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      Effective December 7, 2012, the agency removed the appellant for inability to perform the essential functions of his mail handler position. Initial Appeal File (IAF), Tab 11 at 114-16. The appellant sustained a compensable back injury in 1999, and the agency provided a modified work assignment. *Id*. at 83. In April 2010, the agency offered the appellant a new modified assignment, which he did not accept. *Id*. at 83-84. A March 26, 2012 Work Capacity Evaluation identified the appellant's restrictions and indicated that they were permanent. *Id*. at 139. The agency subsequently conducted an unsuccessful search for available work within the appellant's medical restrictions. *Id*. at 145-47. The appellant failed to appear for an August 1, 2012 meeting with the District Reasonable Accommodation Committee (DRAC) and, on October 12, 2012, DRAC informed the appellant that no reasonable accommodation was available. *Id*. at 126, 145. In the November 7, 2012 notice proposing to remove the appellant for inability to perform the duties of his position, the agency stated, inter alia, that the appellant had been continuously absent from duty since April 2010, and he was on the periodic rolls of the Office of Workers' Compensation Programs (OWCP) for

more than 1 year. *Id*. at 120. The agency also informed the appellant of the deadline for filing an application with the Office of Personnel Management for disability or optional retirement. *Id*.

¶3   The appellant filed an equal employment opportunity (EEO) complaint challenging his removal. *See* IAF, Tab 11 at 12, 21. After he received the final agency decision on his EEO complaint, he filed a timely appeal with the Board. IAF, Tab 1, Tab 29, Initial Decision (ID) at 2 n.1. After holding a hearing, the administrative judge affirmed the agency's removal decision finding that the agency proved the charge by preponderant evidence. ID at 2, 15. The administrative judge found that the appellant had medical restrictions that prevented him from performing the essential functions of his position at the time of his removal, and he had not demonstrated, clearly and unambiguously, that he had recovered during the pendency of his appeal and he was able to perform the essential functions of his position. ID at 12-15. The administrative judge further found that the removal was reasonable and the appellant failed to prove his affirmative defenses of disability discrimination, retaliation for protected EEO and union activity, and harmful procedural error. ID at 15-21.

¶4   The appellant filed a petition for review of the initial decision, asking the Board to vacate the initial decision pursuant to his proposed settlement agreement. Petition for Review (PFR) File, Tab 1. The purpose of the settlement agreement proposed by the appellant was to restore him to the rolls of his employer, effective June 28, 2013, so that he could apply for disability retirement. *Id*. at 2; Tab 6 at 8. The agency filed a response in opposition to the appellant's petition for review. PFR File, Tab 5. The appellant replied, arguing in pertinent part that his petition met the Board's review criteria because the initial decision introduced new and material evidence that was not available when the record closed despite his due diligence. PFR File, Tab 6 at 7. Specifically, the appellant contends that the initial decision that affirmed his removal was new and material evidence because it overruled "OWCP/DOL's June 27[th], 2013

decision" stating that he had fully recovered and could return to full duty. PFR File, Tab 6 at 7.

¶5      The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Although the appellant argues that, before the initial decision was issued, he was unaware that his medical condition had no foreseeable end and required long-term recovery and rehabilitation, he does not explain how this warrants an outcome different from that of the initial decision. PFR File, Tab 6 at 7. Moreover, the appellant has not shown that the administrative judge made erroneous findings of fact, erroneously interpreted statute or regulation, or misapplied the law to the facts. Thus, we discern no reason to disturb the administrative judge's finding that the agency proved the charge of inability to perform. ID at 12-15; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). We therefore DENY the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

<u>Discrimination Claims: Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission

P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.